187 Cal.App.4th 400 (2010)
113 Cal. Rptr. 3d 448
ESTATE OF DOROTHY MANUEL, Deceased.
TERRI WILSON, Petitioner and Respondent,
v.
NANCY L. BROWN, Contestant and Appellant;
DAWN CLARK-JOHNSON et al., Objectors and Appellants.
Nos. B210701, B215380.
Court of Appeals of California, Second District, Division Three.
August 10, 2010.
CERTIFIED FOR PARTIAL PUBLICATION[*]
*401 Law Offices of Larry D. Lewellyn, Larry D. Lewellyn; Mazur & Mazur, Janice R. Mazur and William E. Mazur, Jr., for Contestant and Appellant and for Objector and Appellant Larry Lewellyn.
Law Offices of Efrem A. Clark and Efrem A. Clark for Objector and Appellant Dawn Clark-Johnson.
Tredway, Lumsdaine & Doyle, Joseph A. Lumsdaine; Law Offices of Robert G. Splinter and Min N. Thai for Petitioner and Respondent.

*402 OPINION
CROSKEY, Acting P. J.

INTRODUCTION
Under Code of Civil Procedure section 2033.420, a party who unreasonably denies a request for admission may be required to pay the requesting party its reasonable expenses (including reasonable attorneys fees) incurred in proving the truth of the matter at trial. In this case, a will contestant, Nancy L. Brown, denied requests for admission which, if admitted, would have resolved the entire case in favor of the executor, Terri Wilson. When Wilson then prevailed at trial, she sought an award of costs of proof in the amount of all of her legal fees incurred after the date of the denial of the requests for admission. The trial court granted the motion, ordering Brown and her counsel, Attorney Larry Lewellyn and Attorney Dawn Clark-Johnson, to pay Wilson the full amount of her legal fees.
In this appeal, we consider whether a costs of proof order may be directed to the denying party's counsel, as well as the denying party. We conclude that costs of proof may be imposed only against a party, not the party's counsel. We therefore reverse that portion of the trial court's order requiring Brown's attorneys to pay a share of the costs of proof in this case. In the unpublished portion of this opinion, we consider whether the trial court properly awarded costs of proof with respect to requests for admission pertaining to every theory on which Brown challenged the will, and, therefore, whether the trial court properly calculated the costs of proof as Wilson's entire attorney fee bill. We conclude that the trial court abused its discretion, and remand for a recalculation of the costs of proof pertaining only to those requests for admission for which Brown lacked a reasonable ground to believe that she would prevail at trial.

FACTUAL AND PROCEDURAL BACKGROUND[*]

ISSUES ON APPEAL[*]

*403 DISCUSSION

1. The Appeals Are Timely[*]

2. Costs of Proof May Not Be Imposed Against Counsel

Code of Civil Procedure section 2033.420, subdivision (a) provides, in pertinent part, "If a party fails to admit the . . . truth of any matter when requested to do so under this chapter, and if the party requesting that admission thereafter proves the . . . truth of that matter, the party requesting the admission may move the court for an order requiring the party to whom the request was directed to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees." The trial court must make the order unless, among other things, "[t]he party failing to make the admission had reasonable ground to believe that that party would prevail on the matter." (Code Civ. Proc., § 2033.420, subd. (b)(3).)
The text of the statute is unambiguous: it provides for an award of costs of proof against "the party to whom the request [for admission] was directed," and it makes no provision for an award of costs of proof against the party's attorney. Indeed, other provisions of the Civil Discovery Act (Code Civ. Proc., § 2016.010 et seq.) demonstrate that the Legislature has expressly provided for sanctions against counsel when it chose to do so. For example, Code of Civil Procedure section 2023.030, subdivision (a) expressly allows a trial court to impose a monetary sanction against anyone "engaging in the misuse of the discovery process, or any attorney advising that conduct."[26]
Although the statutory language appears clear, we consider the history of the costs of proof provision. Costs of proof were initially added to the Code of Civil Procedure in 1957, as part of Code of Civil Procedure, former section 2034, subdivision (c). That provision similarly provided, in pertinent part, "If a party, after being served with a request . . . to admit the . . . truth of any matters of fact, serves a sworn denial thereof and if the party requesting the admissions thereafter proves the . . . truth of any such matter of fact, he may apply to the court in the same action for an order requiring the other party to pay him the reasonable expenses incurred in making such proof, including reasonable attorney's fees. If the court finds that there were no *404 good reasons for the denial . . ., the order shall be made." (Stats. 1957, ch. 1904, § 3, p. 3322.) This language, in turn, was derived from former rule 37(c) of the Federal Rules of Civil Procedure (28 U.S.C.). (Brooks v. American Broadcasting Co. (1986) 179 Cal.App.3d 500, 508 [224 Cal.Rptr. 838].) "In such circumstances, it is appropriate for us to look not only at the purposes of the statutory enactment, but to also look to federal court decisions interpreting the parallel provisions of rule 37(c). . . ." (Ibid.) This is especially true here, as the current language of Code of Civil Procedure section 2033.420 is similar to the current language of Federal Rules of Civil Procedure, rule 37(c)(2) (28 U.S.C.).[27]
Three federal circuit courts have considered the issue. Each of them came to the same conclusion: Federal Rules of Civil Procedure, rule 37(c) (28 U.S.C.) costs of proof may not be imposed against a party's counsel, but only the party itself. (Grider v. Keystone Health Plan Central, Inc. (3d Cir. 2009) 580 F.3d 119, 141; Insurance Benefit Administrators, Inc. v. Martin (7th Cir. 1989) 871 F.2d 1354, 1360; Apex Oil Co. v. Belcher Co. of New York (2d Cir. 1988) 855 F.2d 1009, 1013-1014.) In support of the conclusion that attorneys were intentionally not subjected to the burden of costs of proof, the federal courts not only relied on the language of the rule itself, but also have pointed to the fact that discovery sanctions against counsel are available under other provisions of Federal Rules of Civil Procedure. (Insurance Benefit Administrators, Inc. v. Martin, supra, 871 F.2d at p. 1360; Apex Oil Co. v. Belcher Co. of New York, supra, 855 F.2d at pp. 1014-1015.) As already noted, California law also has a separate provision allowing for discovery sanctions against counsel.[28]
(1) The federal courts' interpretation of the provision on which Code of Civil Procedure section 2033.420 is based confirms our interpretation of the plain language of that statute. Costs of proof are available against a party only, not its counsel.
*405 (2) In her respondent's brief on appeal, Wilson never attempts to argue to the contrary. Instead, she suggests that the award against Attorney Lewellyn and Attorney Clark-Johnson should be upheld as a sanction for misuse of the discovery process under Code of Civil Procedure section 2023.010 et seq.[29] We disagree. Wilson's motion sought costs of proof under Code of Civil Procedure section 2033.420.[30] It did not seek misuse of discovery sanctions against counsel under Code of Civil Procedure section 2023.020. Indeed, Code of Civil Procedure section 2023.010 itemizes nine types of conduct which constitute "misuses of discovery," none of which explicitly include denying a request for admission without a reasonable ground to believe the party may prevail on the matter. Wilson never identified any specific conduct as "misuse[] of discovery" under this statute, and the trial court never found that Attorney Clark-Johnson or Attorney Lewellyn misused discovery or advised that Brown do so. We therefore cannot uphold the imposition of costs of proof against Attorney Clark-Johnson or Attorney Lewellyn on any basis. The order must be reversed insofar as it imposes costs of proof against either counsel.

3. Propriety and Amount of Costs of Proof[*]

DISPOSITION
The trial court's order awarding costs of proof is reversed. The matter is remanded to the trial court with directions to vacate its orders granting costs of proof and to enter a new and different order (1) denying the motion for costs of proof against Attorney Clark-Johnson and Attorney Lewellyn; (2) denying the motion for costs of proof against Brown with respect to requests for admission pertaining to lack of capacity; and (3) granting the motion for costs of proof against Brown with respect to requests for admission pertaining to undue influence, lack of due execution, fraud, misrepresentation, menace, duress, and mistake; and (4) recalculating the award to include only the reasonable expenses incurred in proving the statements in those requests for admission true. Wilson and Brown shall bear *406 their own costs on appeal; Attorney Lewellyn and Attorney Clark-Johnson shall recover their costs on appeal from Wilson.
Kitching, J., and Aldrich, J., concurred.
NOTES
[*] Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of Factual and Procedural Background, Issues on Appeal and Discussion, parts 1. and 3.
[*] See footnote, ante, page 400.
[*] See footnote, ante, page 400.
[26] Similarly, the act provides monetary sanctions "against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel" further responses to, for example, requests for admission, without substantial justification. (Code Civ. Proc., § 2033.290, subd. (d).)
[27] The key language reads, "If a party fails to admit what is requested . . . and if the requesting party later proves . . . the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof." (Fed. Rules Civ.Proc., rule 37(c)(2), 28 U.S.C.) The court is to make the order, unless, among other things, "the party failing to admit had a reasonable ground to believe that it might prevail on the matter." (Fed. Rules Civ.Proc., rule 37(c)(2)(C), 28 U.S.C.)
[28] The federal provision is somewhat different, providing that any discovery response must be signed by counsel, and that counsel's signature constitutes a representation that counsel has reviewed the response and formed a belief that it is, among other things, not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. (Fed. Rules Civ.Proc., rule 26(g), 28 U.S.C.) California has no parallel statute. An attorney need not sign a response to requests for admission unless the response contains an objection. (Code Civ. Proc., § 2033.240, subd. (c).) Indeed, Brown's response to the first set of requests for admission was not signed by counsel.
[29] Wilson also argues that "the responses must have been prepared on the advice of counsel." If a party's counsel advised that party to pursue a litigation strategy which resulted in the party being ordered to pay costs of proof, the party may have a claim for malpractice against its counsel. The adverse party, however, may not obtain costs of proof from the party's attorney on this basis.
[30] Code of Civil Procedure section 2033.420 provides for an award of "the reasonable expenses incurred in making . . . proof." At no point in Code of Civil Procedure section 2033.420 are these "expenses" categorized as a "sanction."
[*] See footnote, ante, page 400.