Filed 3/25/22  Cleveland v. Taft Union High School Dist. CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BOWE CLEVELAND,<br><br>    Plaintiff and Appellant,<br><br>       v.<br><br>TAFT UNION HIGH SCHOOL DISTRICT et al.,<br><br>    Defendants and Respondents. | F080084<br><br>(Super. Ct. No. S1500CV279256)<br><br>**OPINION** |

      -ooOoo-

      APPEAL from an order of the Superior Court of Kern County.  David Lampe, Judge.

      Rodriguez & Associates, Daniel Rodriguez, Chantal A. Trujillo, Danay S. Gonzalez; Esner, Chang & Boyer, Andrew N. Chang and Kevin K. Nguyen for Plaintiff and Appellant.

      Herr Pedersen & Berglund, Leonard C. Herr, Ron Statler; Pollak, Vida & Barer and Daniel P. Barer for Defendants and Respondents.

      -ooOoo-

      Plaintiff Bowe Cleveland obtained a $2 million judgment against Defendant Taft Union High School District (District) for negligence in assessing the threat posed by a student who shot plaintiff in the stomach with a shotgun.  After the jury verdict in his

favor, plaintiff filed a motion pursuant to Code of Civil Procedure section 2033.420[1] seeking the attorney fees and costs incurred because defendants denied requests for admission (RFAs) that District was aware the shooter made "violent threats" to other students in February 2012.

The trial court denied the request on the grounds that the undefined term "violent threats" could have many different meanings and the matters covered by the RFAs were not of substantial importance because the details about what the shooter said and did 11 months before the shooting needed to be presented to the jury for it to evaluate whether the reaction of District's employees breached the standard of care. As explained below, we conclude the trial court did not abuse its discretion in denying the motion for costs of proof.

We therefore affirm the order denying the motion.

## BACKGROUND

A description of the procedural history, evidence, and jury verdict in favor of plaintiff is set forth in our opinion in *Cleveland v. Taft Union High School District*, case No. F079926. The parties are familiar with the case's history and evidence and, therefore, it need not be repeated in this unpublished opinion. (See Cal. Const., art. VI, § 14 [appellate decisions "shall be in writing with reasons stated"]; *People v. Garcia* (2002) 97 Cal.App.4th 847, 853.)

On November 21, 2013, plaintiff served RFAs on Assistant Principal Rona Angelo, Principal Marilyn Brown and District requesting them to admit that (1) "YOU were aware that … Bryan … made violent threats to YOUR other students in February 2012"; (2) "YOUR employee, Kelly Federoff informed YOU of the violent threats made by … Bryan … to YOUR other students in February 2012"; (3) "YOUR employee, Dianne Kaszycki, informed YOU of the violent threats made by … Bryan … to YOUR

---

[1] Subsequent unlabeled statutory references are to the Code of Civil Procedure.

2.

other students in February 2012"; and (4) "YOUR employee, Dianne Kaszycki, informed YOU that she was concerned for the safety of Taft Union High School and YOUR students because of the violent threats made by … Bryan … to YOUR other students in February 2012."

The responses of District, Brown, and Angelo were dated February 4, 2014. Each defendant denied all four of the RFAs without making any objection.[2]

We note that plaintiff's appellate briefing does not cite to pages in the appellate record containing the first set of RFAs that he propounded. Instead, he cites to the defendants' responses to that set of RFAs, which repeated each request before denying it. As a result, plaintiff has not provided this court with the definitions the RFAs gave the capitalized terms "YOU" and "YOUR" or any definition the RFAs might have given the terms "violent threats" or "threats."[3]

Also, the appellate record does not contain any form interrogatories served with the RFAs. Interrogatory No. 17.1 of Judicial Council form DISC-001 (rev. Jan. 1, 2008), Form Interrogatories–General, asks: "Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission: [¶] (a) state the number of the request; [¶] (b) state all facts upon which you base your response." In addition, it asks the identity of all persons

---

[2]    Plaintiff emphasizes the lack of objections to the RFAs, but does not cite any statute or case law stating that (1) a responding party is obligated to object to an RFA that is vague or ambiguous, (2) a denial based on one reasonable interpretation of the vague or ambiguous language is not a "good reason for the failure to admit" for purposes of subdivision (b)(4) of section 2033.420, or (3) when an ambiguous RFA is denied and a motion is brought under section 2033.420, the ambiguity is resolved by adopting the interpretation most favorable to the propounding party.

[3]    In the absence of a definition, it is unclear how plaintiff would have interpreted an admission of the RFAs. For example, plaintiff might have argued that the "violent threats" violated Penal Code section 422 and, as a result, charges should have been brought against Bryan. (See generally, *People v. Toledo* (2001) 26 Cal.4th 221, 227–228 [elements of the offense of making a criminal threat in violation of Pen. Code, § 422].)

3.

with knowledge of those facts and all documents that support the response. This interrogatory's absence from the record, along with defendants' responses (if any), makes it difficult for this court to ascertain the precise reasons for defendants' denials of the RFAs at the time they were given. (See generally, *Jameson v. Desta* (2018) 5 Cal.5th 594, 609 [appellant has the burden of providing an adequate record on appeal].)

In July 2019, a judgment after jury verdict was entered awarding plaintiff damages in the amount of $2,052,000. The judgment was based on the jury's findings that Brown, Angelo, school psychologist Mark Shoffner, superintendent Mark Richardson, and campus supervisor Kim Fields were negligent and their negligence was a substantial factor in causing plaintiff's injuries.

*Costs of Proof Motion*

On August 2, 2019, plaintiff filed a motion for attorney fees and costs pursuant to section 2033.420. A few days later, plaintiff filed an amended motion. Plaintiff argued that defendants "had several incident reports by both students and staff informing them of the threats of violence made by their student Bryan" and, therefore, defendants unquestionably "knew of the violent threats made by … Bryan … in 2012." The amended motion, like the RFAs themselves and plaintiff's appellate briefs, make no attempt to define the term "violent threats."

Defendants' opposition to the costs of proof motion raised various points, including the arguments that (1) the requested admissions were not of substantial importance to the action and (2) it was reasonable to deny the RFAs at the time because District's threat assessment did not reveal an actual threat having been made by Bryan against another District student. Also, defendants specifically argued that "[n]either the jury nor the Court were asked to determine whether Bryan … made a *threat*; rather the jury was asked to determine whether, in light of Bryan['s] *statements*, the District Defendants should have done more." (Italics added.)

Plaintiff's reply papers asserted the trial court was vested with the authority to determine whether the denial was proven at trial. Plaintiff reasserted that defendants' unreasonable denials of knowledge about Bryan's threats were the core issue of the liability phase of the trial and, thus, the RFAs qualified as substantially important.

*Trial Court's Decision*

In September 2019, the trial court held a hearing on the motion for costs of proof. At the beginning of the hearing, the court stated its tentative to deny the motion for the reasons stated in the opposition. The court also stated: "I don't think that the matters that were initially denied regarding the notice were really material issues for proof at the time of trial, and they were admitted. There was no issue with respect to notice." The court stated the issues were whether the District's employees were negligent and whether that negligence caused injury and that "I don't really see that the bulk of the proof related to their notice of the shooter's tendencies." The court also noted the ambiguity in the term "violent threat," stating:

> "I suppose it's in the eye of the beholder what a violent threat is. Can they deny it and say well, we didn't consider it a violent threat. Yes, we had this information, there is no dispute what he said and what people re[ported] and its all part of our incident [reports], but we deny that it was a violent threat.

> "I don't see if they had admitted that what difference that would make to the trial. They'd say well, if what you mean is did we have this information that you define as a violent threat, the answer is yes, we admit that, but we were not negligent and we did everything correctly."

> Elaborating on the notice issue, the court stated:

> "[T]here was no issue that the district was aware of the statements made by Bryan []. They admitted that. There was no proof that had to be introduced of their awareness of those statements.

> "The introduction of the statements and all of the evidence as to what people knew was related to their conduct in light of that evidence. Was their conduct in light of that evidence and what they knew negligent and a matter of causation. It wasn't proving that they knew those matters. It was

5.

proving – you had to prove the matters to the jury in order to demonstrate that their response to those matters known to them was [negligent]."

After hearing argument from counsel, the court stated it was satisfied with its tentative ruling and would deny the motion. The minute order from the hearing reflected the court's denial of plaintiff's motion for attorney fees and costs pursuant to section 2033.420. In October 2019, plaintiff filed this appeal.

## DISCUSSION

### I. BASIC LEGAL PRINCIPLES

A party to a civil action may propound a written request for the admission of "the truth of specified matters of fact, opinion relating to fact, or application of law to fact." (§ 2033.010.) The primary purpose of RFAs is to narrow the issues in dispute and expedite trial. (*City of Glendale v. Marcus Cable Associates, LLC* (2015) 235 Cal.App.4th 344, 353.)

Under subdivision (a) of section 2033.420, "[i]f a party fails to admit … the truth of any matter when requested to do so ..., and if the party requesting that admission thereafter proves … the truth of that matter, the party requesting the admission may move the court for an order requiring the party to whom the request was directed to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees."

Pursuant to subdivision (b) of section 2033.420, the court "shall make this order" unless it finds any of the following: "(1) An objection to the request was sustained or a response to it was waived .... [¶] (2) The admission sought was of no substantial importance. [¶] (3) The party failing to make the admission had reasonable ground to believe that that party would prevail on the matter. [¶] (4) There was other good reason for the failure to admit." The party seeking to benefit from one of these exceptions has the burden of establishing the applicability of that exception. (*Samsky v. State Farm Mutual Automobile Ins. Co.* (2019) 37 Cal.App.5th 517, 523 (*Samsky*).)

6.

Appellate courts review orders granting or denying costs of proof awards for abuse of discretion. (*Samsky*, *supra*, 37 Cal.App.5th at p. 521.) " 'An abuse of discretion occurs only where it is shown that the trial court exceeded the bounds of reason.' " (*Bloxham v. Saldinger* (2014) 228 Cal.App.4th 729, 753.) In other words, the trial court's determination will be upheld so long as it is reasonable, provided the court applied the correct legal standards and any findings of fact were supported by substantial evidence. (*Ibid.*; *County of Kern v. T.C.E.F., Inc.* (2016) 246 Cal.App.4th 301, 316.) Also, for abuse of discretion to constitute reversible error is that it must clearly appear to effect injustice. (*Dorman v. DWLC Corp.* (1995) 35 Cal.App.4th 1808, 1815; § 475 [no decision shall be reversed unless is appears from the record that the error was prejudicial].)

## II. TRIAL COURT DID NOT ABUSE ITS DISCRETION

The trial court determined the RFAs about defendants' awareness of violent threats made by Bryan in February 2012 was not of substantial importance because defendants' admitted being aware of Bryan's statements (which statements were described in incident reports) and the jury needed to hear the specific details of what Bryan reportedly said and did to evaluate the reasonableness of the response of District's employees to that information.

First, the trial court's determination reflects, in part, the uncertainty over the meaning of the term "violent threats" and how useful an admission to a request using that undefined term would have been in expediting the trial. (See *Denver D. Darling, Inc. v. Controlled Environments Construction Inc.* (2001) 89 Cal.App.4th 1221, 1239 [denial of costs of proof motion was within court's discretion where ambiguity in contract led each party reasonably to believe the contract meant something different].) Plaintiff's appellate briefing does not address the ambiguity in the term "violent threats" and, therefore, does not identify how that term should have been interpreted by the trial court or this court.

To illustrate the point about the uncertainty inherent in the term, we note that plaintiff's opening brief described various incidents that plaintiff believes constituted violent threats made by Bryan. Plaintiff (1) included a reference to the testimony of the female student who snatched the drawing titled "The Playground" from Bryan's desk during history class, (2) represented that the student "saw Bryan draw an image of him shooting students in a playground with a machine gun,"[4] and (3) implied that the drawing was a violent threat made by Bryan to another student. Whether the stick figure drawing constitutes a "violent threat" depends on how one defines that term. (See *In re George T.* (2004) 33 Cal.4th 620, 629 [15-year-old student's poem was not a criminal threat for purposes of Penal Code section 422]; *In re M.S.* (1995) 10 Cal.4th 698, 710 ["A threat is an ' "expression of an intent to inflict evil, injury, or damage on another" ' "].) In addition, whether any threat the drawing may have contained was made "to YOUR other students" is another source of ambiguity. The drawing was snatched away from Bryan. There is no evidence he showed it to another student, which might be a basis for inferring Bryan intended to communicate a threat to that student. In sum, the drawing would not constitute a threat if that term is defined as an expression of actual intent to inflict harm on another.

Second, the trial court's determination took into account that plaintiff was required to prove a breach of the duty to protect, which included proving Bryan's actions in January 2013 were foreseeable. (See *C.A. v. William S. Hart Union High School Dist.* (2012) 53 Cal.4th 861, 869–870 ["duty to use reasonable measures to protect students

---

[4]    Perhaps recognizing the weakness of claiming the drawing was a violent threat, plaintiff misrepresents the student's testimony. (See Bus. & Prof. Code, § 6068, subd. (d) [duty of attorney not to mislead a judge by a false statement of fact or law]; Cal. Rules Prof. Conduct, rule 3.3, subd. (a)(1) [duty of candor].) The student did not testify or report that Bryan was one of the big stick figures doing the shooting. She simply stated that the drawing showed "[b]ig stick figures with machine guns shooting baby stick figures laying around a playground."

from foreseeable injury at the hands of third parties acting negligently or intentionally"].) It was reasonable for the trial court to conclude that, without specific information about Bryan's statements and the context in which the statements were made, the jury would have difficulty in evaluating whether District employees reacted with reasonable care when they became aware of his statements and whether Bryan's subsequent conduct was foreseeable. In other words, providing the jury with a general statement that District employees were aware Bryan had made violent threats to other students in February 2012 would have had little meaning in evaluating whether District's conduct breached its duty of care and was a substantial factor in causing the shooting that occurred nearly 11 months later.

Third, the trial court's determination about a lack of importance also reflects that plaintiff did not have to prove Bryan made "violent threats" to other students in February 2012 in order to prove District was negligent in conducting its threat assessment. As noted in District's argument—an argument that plaintiff has not directly acknowledged and refuted—the jury was not asked to find whether Bryan's statements constituted a "violent threat." Instead, under the negligence instruction given on the basic standard of care, the jury was asked to determine whether defendants did "something that a reasonably careful person would not do *in the same situation* or fail[ed] to do something that a reasonably careful person would do *in the same situation*." (Italics added.) To evaluate what a reasonable person would have done in the same situation, the jury would need to know details about that situation—that is, what Bryan said and did in February 2012 and the extent defendants were aware of those statements and acts. Telling the jury that District's employees were aware of unspecified conduct labeled as "violent threats" to other students would not have allowed the jury to properly apply the instruction about the standard of care. Furthermore, defendants did not deny, vigorously or otherwise, knowledge of the contents of the incident reports prepared in February 2012. Thus, their awareness of Bryan's statement and actions was a matter of written records maintained

9.

by District and not an issue the jury had to resolve in evaluating whether the standard of care was breached.

In sum, we conclude the trial court did not exceed the bounds of reason when it concluded the admission of a general request that defendants were aware Bryan made "violent threats" to other students in February 2012 was not of substantial importance for purposes of section 2033.420, subdivision (b)(2). (See generally, *Miller v. American Greetings Corp.* (2008) 161 Cal.App.4th 1055, 1066 [plaintiffs were requested to admit that the defendant's employee was not acting within the scope of his employment when his truck struck Miller's car; the issue was "not so cut and dried" as the trial court suggested; order awarding costs of proof was reversed].)

## DISPOSITION

The order denying costs of proof is affirmed. Respondents shall recover their costs on appeal.

FRANSON, J.

WE CONCUR:

DETJEN, ACTING P. J.

DE SANTOS, J.

10.