[S. F. No. 3041.  In Bank.—June 15, 1903.]

## SAN FRANCISCO LUMBER COMPANY, Appellant, v. D. H. BIBB et al., Respondents.

BUILDING CONTRACT—VOID BOND OF CONTRACTOR—FAILURE OF MATERIALMAN TO FILE LIEN.—Where the bond of a contractor is void, because given in pursuance of the unconstitutional provisions of section 1203 of the Code of Civil Procedure, it is immaterial to consider whether the failure of a materialman to file a lien does or does not release the sureties, as they are not obligated under the bond.

ID.—STIPULATION—AGREED STATEMENT OF FACTS—QUESTION OF LAW.—Counsel may by stipulation make an agreed statement of facts, but cannot control this court as to any question of law to be determined under the facts agreed. Where a particular legal conclusion follows from a given state of facts, no stipulation of counsel can prevent the court from so declaring it.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

William H. Jordan, and Walter S. Brann, for Appellant.

Alexander G. Eells, for Respondent.

LORIGAN, J.—This is an action on a contractor's bond, and from a judgment in favor of the sureties thereon plaintiff appeals. The bond here involved was obviously given under section 1203 of the Code of Civil Procedure, and is similar in its general features to the one passed on in another case of *San Francisco Lumber Co.* v. *Bibb, ante,* p. 192, decided on the 2d of this month, which we held, on the authority of *Shaughnessy* v. *American Surety Co.,* 138 Cal. 543, to be void.

And so we must hold the bond here, unless we are limited by a stipulation entered into by counsel, in an agreed statement of facts in the lower court, that the sole question for determination should be, whether the failure of the plaintiff, as materialman, to file a lien relieved the sureties on the bond.

Counsel, under section 1138 of the Code of Civil Procedure, may agree as to the facts, but they cannot control this court by stipulation as to the sole, or any, question of law to be determined under them.

When a particular legal conclusion follows from a given state of facts, no stipulation of counsel can prevent the court from so declaring it.

In this case the bond is void, and hence it is immaterial whether the failure of the materialman to file a lien did, or did not, relieve the sureties, as they were never obligated under it.

The judgment is affirmed.

Angellotti, J., McFarland, J., Shaw, J., Van Dyke, J., and Henshaw, J., concurred.