[Crim. No. 130.  Fourth Appellate District.—February 19, 1932.]

THE  PEOPLE,  Plaintiff  and  Appellant,  v.  MANGAL
SINGH, Defendant and Appellant.

U. S. Webb, Attorney-General, John D. Richer, Deputy Attorney-General, Glenn M. DeVore, District Attorney, and Rae B. Carter, Deputy District Attorney, for Plaintiff and Appellant.

B. W. Gearhart for Defendant and Appellant.

MARKS, J.—The district attorney of Fresno County filed two informations in the court below charging Mangal Singh with felonies. One charged the defendant with committing the crime of sodomy upon a fifteen year old boy whom we will hereafter refer to as Vernon. The other information contained two counts, the first of which charged him with attempting to commit sodomy upon a boy whom we will refer to as Boyd, who was thirteen years old at the time of the commission of the offense, and the second charged the commission of the same crime upon a boy whom we will refer to as Clarence. The cases were consolidated and tried together and are before us on a single record.

At the close of the People's case the charge involving the boy Clarence was dismissed. The defendant then moved the trial court to peremptorily instruct the jury to acquit him because each boy was shown to be an accomplice and there was no evidence corroborating his testimony as required by section 1111 of the Penal Code. The motion was granted and the jury instructed accordingly. The jury refused to

follow the instructions and found the defendant guilty of both offenses. On motion for new trial the court below granted the motion in the case where sodomy was charged and denied the motion where the attempt only was involved, and pronounced judgment therein. The People are before us as appellants from the order granting the new trial, and the defendant is here as appellant from the judgment and the order denying a new trial. The evidence is particularly revolting and we will only summarize such portions of it as are necessary to an understanding of the questions of law involved.

■ Vernon was over the age of fourteen years at the time the crime was committed and was an accomplice to the act of sodomy committed upon him. (Secs. 26 and 1111, Pen. Code; *People* v. *McCollum*, 214 Cal. 557 [7 Pac. (2d) 301].) The only question for us to consider on the appeal by the People is whether or not there is evidence in the record corroborating the testimony of Vernon that the sodomy was committed. Under the rules of law governing the question in California, we have reached the conclusion that there is not, and that the trial court correctly granted this motion for new trial.

■ It is contended by the People that the evidence of Boyd as to the attempt of the defendant to commit sodomy on him was before the jury and sufficiently corroborated the testimony of Vernon. In cases of this nature evidence of the acts of sodomy committed upon the person of one other than the prosecuting witness is not admissible. In the case of *People* v. *Wyett*, 49 Cal. App. 289 [193 Pac. 153, 154], it was said:

"The defendant, however, makes a further objection to the verdict and judgment herein based upon his contention that evidence was offered and admitted over his objection with relation to the commission of another offense by him similar to that charged in the first count in said information but against a person other than the prosecuting witness. One Floyd Menasco was called as a witness by the prosecution, and was permitted to testify to the commission of said crime by the defendant upon his person upon a date after that upon which the defendant was alleged to have committed a like offense upon the present prosecuting witness. This evidence was offered and permitted to be introduced

for the purpose of showing the lewd and lascivious disposition and tendency of the defendant to commit acts of that character. The respondent herein undertakes to justify the action of the trial court in the admission of such evidence under the authority of *People* v. *Gasser*, 34 Cal. App. 541 [168 Pac. 157]. The record in that case, however, discloses that the evidence therein consisted of proof of other acts of a lewd and lascivious nature committed upon the person of the complaining witness, and it was therein held that such evidence was admissible for the limited purpose for which it was offered. But neither that case, nor any other case to which our attention has been called, which upholds the admission of such evidence, has gone so far as to approve the admission of evidence of lewd and lascivious acts committed upon other persons than the complaining witness in the particular case, but, on the other hand, in every case to which we have been cited the courts of this and other jurisdictions have held that such testimony constitutes evidence of another and distinct crime, for which the defendant could have been informed against and tried but for which he cannot be tried in the particular case." (Citing cases.) See, also, *People* v. *Heath,* 79 Cal. App. 20 [248 Pac. 1027].)

It is further contended for the People that the evidence shows that both boys were suffering from a loathsome venereal disease and that the evidence of physicians as to the existence of these conditions corroborated the testimony of the boys. It was not shown that the defendant was infected with the disease. A physician testified that Vernon was suffering from this disease at least four months after the act of sodomy. Another physician found Boyd infected about nine months after the attempt on him. This evidence, remote as to time as it was and without proof that the defendant was infected with the same disease, or some other connecting circumstance, did not "tend to connect the defendant with the commission of the offense" but merely tended to show that an offense had been committed on each boy. This does not meet the requirements of section 1111 of the Penal Code.

The evidence in the record supports the implied finding of the jury that Boyd was under the age of fourteen years at the time of the attempt to commit the crime upon

him. There is no evidence that at the time of the commission of the act charged he knew its wrongfulness. Therefore he could not be an accomplice. (Sec. 26, Pen. Code; *People* v. *Wyett, supra.*)

█ Counsel for the defendant appellant urges that the case was tried upon the theory that both boys were accomplices and that, as the district attorney stipulated they were accomplices, neither the trial court nor this court can reach a different conclusion as to either of them. We may concede that the case was so tried and that the district attorney stated and assumed during the trial that both boys were accomplices, and still we have concluded that we are not compelled to hold that Boyd was an accomplice. Whether or not he was an accomplice depended upon two facts, namely, the date of the crime and the date of the fourteenth anniversary of his birth. If the district attorney had stipulated that the crime was committed after his fourteenth birthday or that such birthday occurred before the crime, the stipulation would have been to a fact and would be binding on all parties. No such stipulation or admission was made. Whether or not Boyd was an accomplice as assumed by the district attorney was a conclusion of law to be drawn from the facts in evidence. We are not bound by an erroneous stipulation as to a conclusion of law which is not a stipulation of fact. As was said in *San Francisco Lumber Co.* v. *Bibb*, 139 Cal. 325 [73 Pac. 864, 865]:

"Counsel, under section 1138 of the Code of Civil Procedure, may agree as to facts, but they cannot control this court by stipulation as to the sole, if any, question of law to be determined under them. When a particular legal conclusion follows from a given state of facts, no stipulation of counsel can prevent the court from so declaring it."

█ Appellant Singh complains that the situation presented here, that of the court instructing the jury to acquit and the jury convicting, resulted in his being prevented from presenting evidence which might have resulted in his acquittal. This may be true, but he alone is responsible for the situation. He requested the instructions which the court gave and which the jury refused to follow. He cannot request a certain procedure and induce the trial court to erroneously follow it and complain because the results were different from those which he expected.

The order granting a new trial under the information in which the crime of sodomy is charged is affirmed.

The judgment and the order denying a new trial under the information in which the crime of attempt to commit sodomy is charged are affirmed.

Barnard, P. J., and Jennings, J., concurred.