[Civ. No. 6880. Fourth Dist. Jan. 22, 1962.]

PAUL D. LIEB, Petitioner, v. THE SUPERIOR COURT OF ORANGE COUNTY, Respondent; CHARLES D. SWANNER, Real Party in Interest.

John R. Brunner for Petitioner.

No appearance for Respondent.

John Neil Stanley for Real Party in Interest.

GRIFFIN, P. J.—This is a proceeding in mandate to compel the respondent court to set aside its order sustaining objections to petitioner's requests for admissions propounded to Chas. D. Swanner, the real party in interest and plaintiff in the pending action. That action is one to quiet title to a parcel of realty and partition it among the persons found to have an interest therein. Plaintiff claims a one-twelfth interest in fee in the realty by reason of inheritance. The petition does not contain any reference to or copy of the answer of petitioner, but states that petitioner claims an interest in the realty either directly or indirectly from tax deeds. Petitioner served upon plaintiff and on other defendants who answered in the action a document entitled "Request for Admissions of Facts." Petitioner therein requested the parties served to admit the following:

"1. That on the 5th day of March, 1952, Don S. Mozley was the Tax Collector of Orange County.

"2. That on the 5th day of March, 1952, said Don S. Mozley executed and delivered to defendant PAUL D. LIEB a deed conveying an interest in land then owned by the State of California.

"3. That the interest in land described in request No. 2 hereinabove was an undivided ¼ interest in the land described in the complaint herein.

"4. That on March 10, 1952, upon the request of Don S. Mozley at 5 minutes past 11:00 A. M., the deed described in request No. 2 hereinabove was recorded on the official records of Orange County, in Book 2229, page 274 of said records.

"5. That defendant PAUL D. LIEB was at the time of the filing of the complaint herein the owner of an undivided ¼ interest in the real property described in the complaint herein.

"6. That defendant PAUL D. LIEB is now the owner of an undivided ¼ interest in the real property described in the complaint herein."

Plaintiff made objection to these requests pursuant to Code of Civil Procedure, section 2019, on the grounds that the first four requests constituted a request for admission of the genuineness of a document and that petitioner failed to furnish plaintiff with a copy thereof. Plaintiff also objected to all

the requests on the grounds that they require plaintiff to make a conclusion of law. The trial court sustained the objections.

At the hearing of the matter before this court, counsel for the plaintiff waived his objections to and answered the first four requests for admissions in the affirmative, but in his answer to the second request he reserved the question of whether the deed did or did not convey legal title. Plaintiff still objects to the fifth and sixth requests on the grounds that they call for admissions as to conclusions of law.

Although included in the Discovery Act of 1957 (Stats. 1957, ch. 1904), the procedure provided in Code of Civil Procedure, section 2033, for obtaining admissions as to facts and genuineness of documents is not really a discovery procedure. It is designed to enable a litigant who is aware of certain facts relevant to the issues to be tried to obtain admissions from his adversary and thus avoid the necessity of proving the facts at the trial. When the requests are couched in the forms of questions to be answered rather than statements of fact to be admitted, the requestor is actually employing written interrogatories rather than requests for admissions of fact. The requests in this case are statements to be admitted and not questions to be answered and therefore are in the form contemplated by Code of Civil Procedure, section 2033, *supra*. However, plaintiff contends that the requests call for admissions of law rather than admissions of fact and therefore are not proper.

Plaintiff contends that one of the issues in every partition action is the extent of the interests of the respective parties in the property. (Citing *Morenhout* v. *Higuera*, 32 Cal. 289, and *Emeric* v. *Alvarado*, 64 Cal. 529, 629-631 [2 P. 418].) From this premise, plaintiff concludes that the question of ownership thus presented is one of law and it must be submitted to the court for decision.

It may well be doubted whether requests which seek admissions as to questions of law may be properly required. (*Singer* v. *Superior Court*, 54 Cal.2d 318, 326 [5 Cal.Rptr. 697, 353 P.2d 305].) Certainly the words of the statute do not impose such a requirement. It has been held in this state that binding stipulations may not be made upon questions of law. (*People* v. *Jones*, 6 Cal.2d 554 [59 P.2d 89]; *San Francisco Lumber Co.* v. *Bibb*, 139 Cal. 325 [73 P. 864]; *Haight* v. *Green*, 19 Cal. 113; *Duncan* v. *Garrett*, 176 Cal.App.2d 291, 294 [1 Cal.Rptr. 459]; *Valdez* v. *Taylor Automobile Co.*, 129 Cal.App.2d 810, 819 [278 P.2d 91]; *People* v. *Singh*, 121 Cal.

App. 107, 111 [8 P.2d 898].) But we need not decide this question here.

It is not clear that the question of ownership, as it may be presented in a partition action, is necessarily a question of law as the plaintiff urges. A question as to ownership of property may be one of fact or law, depending upon whether the determination of the issue involves a decision upon conflicting facts or upon the application of the law to a stated set of facts. (*Palpar, Inc.* v. *Thayer,* 82 Cal.App.2d 578, 583 [186 P.2d 748].) Undoubtedly, in many partition actions there is no dispute as to ownership. For all the record shows in this case, there is not any question as to who are the tenants in common of the land and the issue presented to the court for decision may be the question of how the land shall be partitioned among the several owners. If in fact there is a legal question as to ownership of the land, plaintiff should set forth in detail the reasons why he cannot truthfully admit or deny the requests. (Code Civ. Proc., § 2033, subd. (a); *Cembrook* v. *Superior Court,* 56 Cal.2d 423, 430 [14] [15 Cal. Rptr. 127, 364 P.2d 303].) Should the petitioner then feel that plaintiff's denials or reasons for refusing to answer are insufficient, he may proceed under Code of Civil Procedure, section 2034, subdivision (a), and seek to compel plaintiff to answer. But plaintiff may not, by simply asserting that the requests put to him call for conclusions of law, successfully object to them. In *Cembrook* v. *Superior Court, supra,* 56 Cal.2d 423, 429-430, the court said:

''The claims of ambiguity, calling for opinion and conclusion, and those other objections summarized above, have been discussed in the other decisions filed this day. They were there found to be untenable. The reasons set forth in those cases for holding such objections unsound when applied to other discovery procedures, are peculiarly applicable to requests for admissions. Most of the other discovery procedures are aimed primarily at assisting counsel to prepare for trial. Requests for admissions, on the other hand, are primarily aimed at setting at rest a triable issue so that it will not have to be tried. Thus, such requests, in a most definite manner, are aimed at expediting the trial. For this reason, the fact that the request is for the admission of a controversial matter, or one involving complex facts, or calls for an opinion, is of no moment. If the litigant is able to make the admission, the time for making it is during discovery procedures, and not at the trial. . . . As quoted above, section 2033

provides that a party served with requests for admission may deny as well as admit, and that a denial shall fairly meet the substance of the request. The section is even more explicit. As if underscoring the error of the trial court in sustaining Sterling's objections, the section also provides that the request may be answered by a sworn statement 'setting forth in detail the reasons why [the party served with requests] cannot truthfully admit or deny . . .,' and that 'when good faith requires that a party deny only a part or a qualification of a matter . . . he shall specify so much of it as is true and deny only the remainder.' In view of these provisions it is obvious that the requests call for many matters which Sterling was obviously able to admit, deny, or to explain. By objecting to the requests as a whole, without some attempt to admit or deny in part, and by making no attempt to answer with an explanation of its inability, it failed to show the 'good faith' required by the statute. Consequently the trial court erred in sustaining its objections to the requests, *in toto*."

Therefore, it is ordered that a peremptory writ of mandate issue requiring respondent court to set aside its order sustaining the objections to the requests for admissions and requiring it to reconsider the objections in accordance with the views expressed in this opinion and the cases herein cited.

Writ granted.

Shepard, J., and Coughlin, J., concurred.