Filed 5/29/24  P. v. Garcia-Santos CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FERNANDO GARCIA-SANTOS,<br><br>    Defendant and Appellant. | F085819<br><br>(Super. Ct. No. BF137702C)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Kern County.  Elizabet Rodriguez, Judge.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Brook A. Bennigson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# INTRODUCTION

In April 2011, Emmanuel Toscano shot and killed Gerardo Villapudua, Jr. (the victim), a 16-year-old high school student, in Bakersfield.  Defendant Fernando Garcia-Santos, Toscano, Hilario Aguero, and Gabriel Gonzales were tried together before a jury and convicted of first degree premeditated murder, with robbery and gang special circumstance findings, and other charges.  The trial court sentenced defendant to a term of life in prison without the possibility of parole for murder.

In October 2022, defendant filed a petition for resentencing pursuant to Penal Code[1] former section 1170.95 (now § 1172.6).[2]  The superior court dismissed the petition at the prima facie stage, without an evidentiary hearing, after it accepted the parties' stipulation that defendant did not qualify for relief because the jury's true finding as to the gang special circumstance established that defendant intended to kill.

Defendant argues that he was deprived of effective assistance of counsel by his counsel's stipulation that he was not eligible for resentencing pursuant to section 1172.6.  While this appeal was pending, our Supreme Court determined that a gang special circumstance is insufficient, in and of itself, to dismiss defendant's petition at the prima facie stage.  (*People v. Curiel* (2023) 15 Cal.5th 433 (*Curiel*).)  In their supplemental briefing on *Curiel*, the People concede that if defendant's right to counsel includes a component of competence, then defendant is entitled to an evidentiary hearing to determine whether he may be entitled to resentencing on his murder conviction.

We reverse.

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  We will refer to section 1172.6 in this opinion, which was effective at the time defendant filed his petition.

## PROCEDURAL AND FACTUAL HISTORY[3]

A jury convicted defendant and Toscano, Aguero, and Gonzales of first degree premeditated murder, with robbery and gang special circumstance findings (§§ 187, 189, 190.2, former subds. (a)(17), (22); count 1), second degree robbery (§ 211; count 2), shooting at an occupied motor vehicle (§ 246; count 3), and active participation in a criminal street gang (§ 186.22, subd. (a); count 4). Several sentence enhancement allegations were also found true, and defendant was sentenced to life in prison without the possibility of parole for murder and received an additional enhancement of 25 years to life pursuant to section 12022.53, subdivisions (d) and (e)(1). We affirmed defendant's conviction on August 27, 2015. (*People v. Toscano*, *supra*, F065808.)

Defendant filed a petition pursuant to section 1172.6[4] and alleged that he had been convicted of first degree murder under the felony murder rule or the natural and probable consequences doctrine but would not be convicted of murder if tried today because of changes to sections 188 and 189. He requested counsel and stated that he was not the actual killer, did not aid and abet the actual killer with the intent to kill, and was not a major participant in the felony or did not act with reckless indifference to human life during the course of the crime. The People objected to the petition and argued that the jury's finding that defendant committed premeditated murder necessarily established that defendant, "**with the intent to kill, completed the act that caused the victim's death**,"

---

**3**　　We dispense with a statement of facts since our review is limited to the court's record in determining whether defendant has shown a prima facie case that he is entitled to relief. Respondent has requested that we take judicial notice of our opinion and records from defendant's prior appeal (*People v. Toscano* (Aug. 27, 2015, F065808) [nonpub. opn.]). Appellate opinions, like that from defendant's appeal, are generally considered to be part of the record of conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 972 (*Lewis*).) However, we decline to take judicial notice of the court record from that appeal as the underlying facts of the case are not relevant to our disposition. (Cf. *People v. Young* (2005) 34 Cal.4th 1149, 1171, fn. 3 [judicial notice cannot be taken of any matter that is irrelevant].)

**4**　　As we previously indicated, defendant used a form that referenced former section 1170.95.

and the jury's true finding as to the gang special circumstance established that defendant "**intentionally killed the victim**."

The superior court appointed counsel for defendant, and defendant's trial counsel assisted him in the petition proceedings. On January 10, 2023, defendant's counsel advised the court that after reviewing the petition, our opinion, and the People's opposition, he believed that the jury's true gang special circumstance finding rendered defendant ineligible for relief because it established that defendant had the intent to kill. The court indicated that it had tentatively decided to find that defendant had established a prima facie case of eligibility and set the matter for an evidentiary hearing. Based on defense counsel's representations, the court expressed the need for further research and set the matter for further hearing. At the subsequent hearing, on January 12, 2023, the parties agreed that defendant was convicted of "first degree premeditation deliberation murder" and the jury found true that defendant was an active participant in a criminal street gang and intentionally killed the victim. The court accepted the stipulation and found that defendant had failed to establish a prima facie showing that he was eligible for resentencing.

On February 24, 2023, appellant filed a timely notice of appeal.

## DISCUSSION

### I. Applicable Law and Standard of Review

#### A. Murder

Murder is the unlawful killing of a human being with malice aforethought. (§ 187, subd. (a).) Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) "to amend the felony murder rule and the natural and probable consequences doctrine … to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."

4.

(Stats. 2018, ch. 1015, § 1(f); accord, *Curiel*, *supra*, 15 Cal.5th at p. 448.) "Outside of the felony-murder rule, 'a conviction for murder requires that a person act with malice aforethought. A person's culpability for murder must be premised upon that person's own actions and subjective mens rea.' " (*Curiel*, at p. 448, quoting Stats. 2018, ch. 1015, § 1(g).)

As to the felony-murder rule, Senate Bill 1437 amended section 189 by adding subdivision (e), which provides that a participant in specified felonies is liable for murder if a death occurs during its course only if the participant was (1) the actual killer, (2) a participant who aided and abetted the actual killer in committing murder in the first degree with the intent to kill, or (3) a major participant in the underlying felony and acted with reckless indifference to human life as described in section 190.2. (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.) Section 189, subdivision (e) does not apply if the victim was a peace officer killed while in the performance of their duties. (§ 189, subd. (f).)

Senate Bill 1437 also amended the natural and probable consequences doctrine by requiring that a principal in a crime act with malice aforethought before they may be convicted of murder. (§ 188, subd. (a)(3); accord, *Curiel*, *supra*, 15 Cal.5th at p.449.) "One effect of this requirement was to eliminate liability for murder as an aider and abettor under the natural and probable consequences doctrine." (*Curiel*, at p. 449.)

**B.     Applicable Law Regarding Section 1172.6**

Senate Bill 1437 also enacted former section 1170.95 (now § 1172.6) that provides a procedure for persons convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief. (*Curiel*, *supra*, 15 Cal.5th at p. 449.) In 2021, the Legislature amended the statute to expand the offenders eligible for resentencing to those who were convicted under any other theory where malice is imputed to a person based solely on that person's participation in a crime, attempted

5.

murder under the natural and probable consequences doctrine, or manslaughter. (Stats. 2021, ch. 551, § 1.)  The Legislature also amended section 1172.6 to codify the holdings of *Lewis*, *supra*, 11 Cal.5th at pages 961–970 as to a defendant's right to counsel and the standard for determining the existence of a prima facie case and clarified the procedure and burden of proof at the evidentiary stage of the proceedings.  (Stats. 2021, ch. 551, § 1(b).)

Under section 1172.6, an offender seeking resentencing must first file a petition in the sentencing court, and the sentencing court must determine whether the petitioner has made a prima facie showing that they are entitled to relief.  (§ 1172.6, subds. (a)–(c); accord, *Curiel*, *supra*, 15 Cal.5th at p. 450.)  Our Supreme Court recently explained that a petitioner's allegation that they could not currently be convicted of a homicide offense due to the 2019 changes to sections 188 or 189 "puts at issue all elements of the offense under a valid theory." (*Curiel*, at p. 462.)  Therefore, a petitioner's allegation is not refuted "unless the record conclusively establishes every element of the offense."  (*Id*. at p. 463.)  When deciding whether a petitioner has established a prima facie case of eligibility, the court may rely on the record of conviction but "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, *supra*, 11 Cal.5th at. at p. 972.)

"If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Curiel*, *supra*, 15 Cal.5th at p. 450.)  If the trial court determines the petitioner has met their prima facie burden, the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subds. (c), (d)(1); accord, *Curiel*, at p. 450.)

### C. Standard of Review

"We review de novo whether the trial court conducted a proper inquiry under section 1172.6, subdivision (c)." (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251; see *People v. Lopez* (2022) 78 Cal.App.5th 1, 14 [dismissal at the prima facie stage " ' "is appropriate only if the record of conviction demonstrates that the 'petitioner is ineligible for relief as a matter of law,' " ' " which " ' "is a purely legal conclusion … we review de novo" ' "].)

## II. *Jury Instructions*

The court instructed the jury with: CALCRIM No. 548, that defendant was being prosecuted on two theories of murder, malice aforethought and felony murder; CALCRIM No. 520, the elements of malice aforethought murder; CALCRIM No. 521, first degree murder based upon two theories, that is willful, deliberate, and premeditated murder and lying in wait murder;[5] CALCRIM Nos. 400 and 401, direct aiding and abetting; CALCRIM No. 403, murder as a natural and probable consequence of the crimes of unlawful assembly, challenging to fight, or grand theft of the person; CALCRIM No. 416 an uncharged conspiracy to murder, commit robbery, or shoot at an occupied vehicle; CALCRIM No. 417, liability for murder based upon an uncharged conspiracy to commit the crimes of unlawful assembly, challenging to fight, or grand theft of the person and murder as the natural and probable consequence of the conspiracy; and CALCRIM Nos. 540A and 540B, first degree murder committed during the course of a robbery where defendant committed the fatal act or where a coparticipant committed the fatal act.

For the special circumstance of murder committed during the course of a robbery, the court instructed the jury with CALCRIM No. 730 that the People must prove

---

[5] The second amended indictment in this case did not allege lying in wait murder, and the jury's verdict did not reflect any finding on this theory.

(1) defendant committed, aided or abetted, or was a member of a conspiracy to commit robbery, (2) defendant intended to commit robbery, aid and abet the perpetrator to commit robbery, or intended that a conspirator commit robbery, and (3) if defendant did not personally commit the robbery, that a perpetrator whom defendant either aided and abetted during the robbery and before or during the killing or with whom defendant conspired, committed the robbery. The court further instructed with CALCRIM No. 703 that if defendant was not the actual killer, then the jury had to find that defendant either intended to kill or was a major participant in the crime who acted with reckless indifference to human life.

For the gang-murder special circumstance allegation, the court instructed the jury with CALCRIM No. 736 that the People must prove (1) defendant intentionally killed the victim, (2) at the time of the killing, defendant was a member in a criminal street gang, (3) defendant knew that the members of the gang engaged in a pattern of activity, and (4) the murder was carried out to further those activities.

## III. *Analysis*

### A. Ineffective Assistance of Counsel

Defendant argues that he received ineffective assistance of counsel during the section 1172.6 proceedings because counsel erroneously stipulated that he was not eligible for resentencing based upon the jury's true finding as to the gang special circumstance. The People argue that defendant does not have a constitutional right to effective assistance of counsel and his statutory right under these circumstances has not been fully explored by the courts. We assume that defendant makes this argument to avoid forfeiture of his challenge to the court's dismissal of his petition for resentencing in light of counsel's concession.

It is true that defendant does not have a federal or state constitutional right to effective assistance of counsel during section 1172.6 proceedings. (See *People v.*

*Delgadillo* (2022) 14 Cal.5th 216, 227 ["in the context of section 1172.6," there " 'is no unconditional state or federal constitutional right to counsel to pursue collateral relief from a judgment of conviction' "]; *Lewis, supra*, 11 Cal.5th at p. 972 [same].) However, defendant is entitled to the appointment of counsel if he requests it pursuant to section 1172.6, subdivision (b)(3). Therefore, defendant may have a statutory right to at least minimally effective assistance of counsel in seeking to make a prima facie case under section 1172.6. (Cf. *In re Clark* (1993) 5 Cal.4th 750, 780 ["Regardless of whether a constitutional right to counsel exists, a petitioner who is represented by counsel when a petition for writ of habeas corpus is filed has a right to assume that counsel is competent and is presenting all potentially meritorious claims."], superseded by statute on other grounds as stated in *Briggs v. Brown* (2017) 3 Cal.5th 808, 836 fn. 14; *In re Reno* (2012) 55 Cal.4th 428, 463, superseded by statute on other grounds as stated in *In re Friend* (2021) 11 Cal.5th 720, 728; *Wilson v. Superior Court of Los Angeles County* (1978) 21 Cal.3d 816, 823 ["a substantial state-created right, even though not constitutionally compelled, may not be arbitrarily withheld"].)

No published case has yet addressed the precise nature or scope of a petitioner's "purely statutory" (*People v. Delgadillo, supra*, 14 Cal.5th at p. 227) right to counsel under section 1172.6, subdivision (c), but the statutory right must include the right to some minimum level of competent representation similar to that recognized by our Supreme Court in the context of habeas proceedings as the court has characterized section 1172.6 proceedings as "analogous" (*Curiel, supra*, 15 Cal.5th at p. 460; *Lewis, supra*, 11 Cal.5th at p. 971) to proceedings in the habeas context. (See *In re Friend, supra*, 11 Cal.5th at p. 743 ["counsel has the duty, in the initial [habeas] petition, of investigating and presenting all claims that could be discovered and presented at that time through due diligence."].) In other contexts, courts have found that a statutory right to counsel must include the right to seek review when counsel does not perform

competently.  (See *In re A.R.* (2021) 11 Cal.5th 234, 248 [statutory right to counsel in dependency proceedings requires competent representation].)

However, we need not address this argument as counsel's stipulation to defendant's ineligibility pursuant to section 1172.6 is not binding on us.  A court is not bound by a stipulation to an erroneous conclusion of law.  (*Oakland Raiders v. City of Berkeley* (1976) 65 Cal.App.3d 623, 629; *People v. Singh* (1932) 121 Cal.App. 107, 111 [appellate court not bound by erroneous stipulation that the defendants were accomplices]; *People v. Jones* (1936) 6 Cal.2d 554, 555 [appellate court not bound by erroneous stipulation of prosecutor regarding when life sentence of habitual criminal commences]; *Heifetz v. Bank of America* (1957) 147 Cal.App.2d 776, 781 [agreement of parties on question of law not binding on reviewing court]; *Duncan v. Garrett* (1959) 176 Cal.App.2d 291, 294 [" 'When a particular legal conclusion follows from a given state of facts, no stipulation of counsel can prevent the court from so declaring it.' "].)

Therefore, we will address the court's dismissal of defendant's section 1172.6 petition on the merits.

**B.** **The Court Erred in Dismissing the Petition Without an Evidentiary Hearing**

The court dismissed defendant's section 1172.6 petition because it concluded that the jury's true finding as to the gang special circumstance established that defendant intended to kill.  However, the Supreme Court's recent decision in *Curiel* held that a jury's finding the defendant acted with the intent to kill as part of a true finding on a gang special circumstance *does not* foreclose resentencing under section 1172.6.  (*Curiel*, *supra*, 15 Cal.5th at pp. 460–463.)  Rather, the record of conviction must establish the jury made all of the factual findings necessary to support a conviction for murder under current law as to all elements.  (*Id*. at pp. 463–471.)  This requires proof the jury found

10.

the defendant harbored the necessary intent *and* committed the necessary act or acts to be guilty under a presently valid theory of liability. (*Ibid.*)

While the jury's true finding as to the gang special circumstance might establish defendant intended to kill, "[i]t is only one element. It does not by itself establish any valid theory of liability." (*Curiel*, *supra*, 15 Cal.5th at p. 463.) The jury in *Curiel* was instructed as to the natural and probable consequences theory of aiding and abetting and direct aiding and abetting, but the jury verdict and findings did not indicate which theory the jury relied upon. (*Id*. at pp. 446, 471.) Under such circumstances, the jury could have convicted Curiel of murder under the natural and probable consequences doctrine which, even combined with intent to kill, failed to establish all of the elements of malice murder under the theory of direct aiding and abetting. (*Id*. at p. 471.)

Direct aiding and abetting requires the prosecution to show " 'that the defendant aided or encouraged the commission of the murder with knowledge of the unlawful purpose of the perpetrator and with the intent or purpose of committing, encouraging, or facilitating its commission.' " (*Curiel*, *supra*, 15 Cal.5th at p. 466.) Under the trial court's natural and probable consequences instruction, "the jury was required to find only that Curiel knew that [the perpetrator] intended to commit one of the underlying target offenses and that Curiel intended to aid him in *that* offense, not murder." (*Id*. at p. 468.) "While the jury separately found Curiel intended to kill, such an intent standing alone is insufficient to establish the requisite mens rea for aiding and abetting murder." (*Ibid*.)

As in *Curiel*, the trial court here instructed the jury on direct aiding and abetting and aiding and abetting another offense of which the natural and probable consequences resulted in murder. As in *Curiel*, the jury in this case was not required to identify the theory that it found persuasive when it convicted defendant. (See *Curiel*, *supra*, 15 Cal.5th at p. 471.) Therefore, it is undisputed the jury instructions in this case did not necessarily establish that the jury made the necessary findings required for direct aiding

11.

and abetting, and the trial court record leaves open the possibility that the jury convicted defendant of murder under the natural and probable consequences theory of aiding and abetting or conspiracy liability where the object of the conspiracy was a crime other than murder and murder resulted as a natural and probable consequence.[6] (See *Curiel*, *supra*, 15 Cal.5th at pp. 460–463.)

The People argued in their opposition to defendant's petition that the jury necessarily found defendant acted with intent to kill by finding that he acted willfully, deliberately, and with premeditation. The first degree murder instruction did require the jury to find that defendant personally acted with intent to kill before it could find him guilty of first degree murder. However, as with the gang special circumstance finding, this is also insufficient to rebut defendant's allegations of resentencing eligibility because it establishes defendant's intent but does not include a finding that he aided and abetted premeditated murder under a direct theory of aiding and abetting and therefore, leaves open the possibility that the jury convicted defendant under a natural and probable consequences theory of aiding and abetting. Intent to kill is "only one element" of the offense of murder, and "[i]t does not by itself establish any valid theory of liability." (*Curiel*, *supra*, 15 Cal.5th at p. 463.) "A finding of intent to kill does not, standing alone, cover all of the required elements." (*Ibid*.) If only this element of the relevant offense is

---

[6]    The jury here also found true defendant's felony murder special circumstance. Although the definition of the felony murder special circumstance would appear to establish that defendant is not eligible for relief, the jury's finding was made before the Supreme Court modified the analysis for who qualifies as a major participant who acted with reckless indifference to human life in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522. (See *People v. Strong* (2022) 13 Cal.5th 698, 708.) The *Strong* court noted that *Banks* and *Clark* "both substantially clarified the law governing findings under … section 190.2, subdivision (d)." (*Strong*, at p. 706.) Therefore, when a defendant's case "was tried before both *Banks* and *Clark*, the special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Id*. at p. 721.)

established by the record, defendant "could still be correct that he … could not currently be convicted of the relevant offense based on the absence of other elements." (*Ibid.*)

Because we cannot say as a matter of law that defendant's actions make him ineligible for relief under section 1172.6, there is a possibility that defendant was punished for conduct no longer prohibited by section 190.2. Accordingly, the trial court erred in summarily dismissing the petition based on the gang special circumstance finding.

## DISPOSITION

The superior court's January 12, 2023 order dismissing the petition is reversed and the matter is remanded with directions to issue an order to show cause and conduct such further proceedings as necessary pursuant to section 1172.6.


HILL, P. J.

WE CONCUR:


PEÑA, J.


SMITH, J.

13.